No. 23-10832

# In the United States Court of Appeals for the Fifth Circuit

JASON COLEMAN, ON BEHALF OF THE RVNB HOLDINGS, INC. EMPLOYEE STOCK OWNERSHIP PLAN, AND ON BEHALF OF A CLASS OF ALL OTHER PERSONS SIMILARLY SITUATED; JESSICA CASEY, ON BEHALF OF THE RVNB HOLDINGS, INC. EMPLOYEE STOCK OWNERSHIP PLAN, AND ON BEHALF OF A CLASS OF ALL OTHER PERSONS SIMILARLY SITUATED,

*Plaintiffs-Appellees,*

v.

NEIL M. BROZEN; ROBERT PETERSON, JR.; VASILIA PETERSON; MIKE PAXTON; STERLING INVESTMENT PARTNERS III, L.P.; NICK BOURAS; NICOLE PETERSON 2012 IRREVOCABLE TRUST; BROOKE PETERSON 2012 IRREVOCABLE TRUST,

*Defendants-Appellants.*

On Appeal from the United States District Court
for the Northern District of Texas, Dallas Division

## BRIEF OF DEFENDANTS-APPELLANTS

Todd D. Wozniak (counsel of record)
**HOLLAND & KNIGHT LLP**
1180 West Peachtree Street NW, Suite 1800
Atlanta, GA 30309
404-817-8431
todd.wozniak@hklaw.com

Lindsey R. Camp
**HOLLAND & KNIGHT LLP**
West Tower, 777 S. Flagler Dr., Suite 1900
West Palm Beach, FL 33401
404-817-8439
lindsey.camp@hklaw.com

Melissa Davis Andrews
**HOLLAND & KNIGHT LLP**
98 San Jacinto Blvd., Suite 1900
Austin, TX 78701
512-469-6100
melissa.davis@hklaw.com

Counsel for Defendants-Appellants Robert Peterson, Jr.; Vasilia Peterson; Mike Paxton; Sterling Investment Partners III, L.P.; Nick Bouras; Nicole Peterson 2012 Irrevocable Trust; Brooke Peterson 2012 Irrevocable Trust

J. Christian Nemeth
**MCDERMOTT WILL & EMERY, LLP**
333 SE 2nd Ave., Suite 4500
Miami, FL 33131
305-358-3500
jcnemeth@mwe.com

Peter B. Allport
**LEVIN SCHREDER & CAREY, LTD.**
120 N. LaSalle St., Floor 38
Chicago, IL 60602
312-895-6359
pallport@lsclaw.com

Counsel for Defendant-Appellant Neil M. Brozen

## CERTIFICATE OF INTERESTED PERSONS

(1) No. 23-10832, *Coleman, et al. v. Brozen, et al*., USDC No. 3:20-cv-1358

(2)  The undersigned counsel of record certifies that the following listed persons and entities as described in the fourth sentence of Rule 28.2.1 have an interest in the outcome of this case.  These representations are made in order that the judges of this court may evaluate possible disqualification or recusal.

**Plaintiffs-Appellees:** Jason Coleman; Jessica Casey; former participants in the RVNB Holdings, Inc. Employee Stock Ownership Plan.

**Defendants-Appellants:** Neil M. Brozen; Robert Peterson, Jr.; Vasilia Peterson; Mike Paxton; Sterling Investment Partners III, L.P.; Nick Bouras; Nicole Peterson 2012 Irrevocable Trust; Brooke Peterson 2012 Irrevocable Trust.

**Counsel for Plaintiffs-Appellees:**  John Saul Edwards, Jr., Ajamie, L.L.P.; Gregory Y. Porter, Bailey & Glasser, L.L.P.

**Counsel for Defendant-Appellant Neil M. Brozen:** J. Christian Nemeth, McDermott Will & Emery, LLP; Peter B. Allport, Levin Schreder & Carey, Ltd.

**Counsel for Defendants-Appellants Robert Peterson, Jr.; Vasilia Peterson; Mike Paxton; Sterling Investment Partners III, L.P.; Nick Bouras; Nicole Peterson 2012 Irrevocable Trust; Brooke Peterson 2012 Irrevocable Trust:** Todd D. Wozniak, Holland & Knight LLP; Lindsey R. Camp, Holland & Knight LLP; Melissa Davis Andrews, Holland & Knight LLP.

**Additional Interested Parties:** Hiscox Insurance Company; Sompo International; Allied World National Assurance Company; AXIS Insurance Company; ACE American Insurance Company (d/b/a Chubb); Arch Insurance Company; Indian Harbor Insurance Company (a member of the XL America Companies); Endurance Risk Solutions Assurance Co.; Starr Indemnity & Liability Company; QBE Insurance Corporation.

Respectfully Submitted,

*/s/ Todd D. Wozniak*
Todd D. Wozniak

Counsel for Defendants-Appellants
Robert Peterson, Jr.; Vasilia Peterson;
Mike Paxton; Sterling Investment
Partners III, L.P.; Nick Bouras;
Nicole Peterson 2012 Irrevocable
Trust; Brooke Peterson 2012
Irrevocable Trust


*/s/ J. Christian Nemeth*
J. Christian Nemeth

Counsel for Defendant-Appellant Neil
M. Brozen

## STATEMENT REGARDING ORAL ARGUMENT

Defendants-Appellants Neil M. Brozen, Robert Peterson, Jr., Vasilia Peterson, Mike Paxton, Sterling Investment Partners III, L.P., Nick Bouras, the Nicole Peterson 2012 Irrevocable Trust, and the Brooke Peterson 2012 Irrevocable Trust respectfully request oral argument pursuant to Federal Rule of Appellate Procedure 34(a)(1) and Rule 28.2.3 of the Rules and Internal Operating Procedures of the Fifth Circuit.  This case involves an issue of first impression, namely, whether the judge-made "effective vindication doctrine" may be applied to find that ERISA § 502(a)(2) claims cannot be compelled into individual arbitration pursuant to a valid arbitration agreement and class action waiver.  Neither this Court nor the U.S. Supreme Court has ever applied the "effective vindication doctrine" to invalidate an arbitration agreement or its class action waiver provision.  Because the issue presented is one of first impression in this Court, Defendants-Appellants respectfully suggest that oral argument would aid the decision-making process.

# TABLE OF CONTENTS

CERTIFICATE OF INTERESTED PERSONS ......................................................3

STATEMENT REGARDING ORAL ARGUMENT ...............................................5

TABLE OF AUTHORITIES ..............................................................................8

JURISDICTIONAL STATEMENT .....................................................................11

ISSUE PRESENTED .......................................................................................12

STATEMENT OF THE CASE ...........................................................................13

    A. The RVNB ESOP .............................................................................13

    B. Plaintiffs' Amended Complaint and Allegations .............................16

    C. Defendants' Motion to Compel Individual Arbitration...................18

    D. The District Court's Ruling ..............................................................19

SUMMARY OF THE ARGUMENT ....................................................................21

STANDARD OF REVIEW ................................................................................25

ARGUMENT ................................................................................................25

    A. The Plan's Class Action Waiver Is Valid and Should Be Enforced .............26

        1. The FAA And ERISA Require Enforcement Of The Plan's Arbitration Provision As Written ...............................................................26

        2. There Is No Disharmony Between The FAA Policy Of Enforcing Arbitration Agreements As Written And The Rights Available To Plaintiffs Under ERISA ....................................................................27

    B. The District Court Erred In Applying The Effective Vindication Doctrine To Refuse Enforcement Of The Plan's Arbitration Procedure And Class Action Waiver.............................................................................29

        1. The Effective Vindication Doctrine ......................................29

2.  The Language Of ERISA Does Not Support Application Of The "Effective Vindication" Doctrine To Bar Individual Arbitration In This Case ........................................................................................................ 31

3.  Plaintiffs Only Have A Substantive Right Under ERISA § 502(a)(2) To Seek Monetary Relief With Respect To Their Individual Plan Accounts; Any "Right" To Seek Plan-Wide Monetary Relief Is A Procedural Right That Can Be Waived ..................................................... 34

4.  A Claim Under ERISA § 502(a)(2) Is A "Claim Joinder" Form Of Representative Claim And Can Be Arbitrated On An Individual Basis .. 37

5.  Appellate And Other District Courts Have Concluded That Claims Under ERISA § 502(a)(2) Can Be Arbitrated On An Individual Basis ... 43

CONCLUSION ........................................................................................................ 48

CERTIFICATE OF SERVICE .......................................................................................... 50

CERTIFICATE OF COMPLIANCE ................................................................................... 51

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Am. Heritage Life Ins. Co. v. Lang*,
   321 F.3d 533 (5th Cir. 2003) ............................................................25

*Am. Exp. Co. v. Italian Colors Rest.*,
   570 U.S. 228 (2013).............................................................*passim*

*AT&T Mobility LLC v. Concepcion*,
   563 U.S. 333 (2011)...................................................26, 36, 48

*Coan v. Kaufman*,
   457 F.3d 250 (2d Cir. 2006) ..........................................*passim*

*Curtiss-Wright Corp. v. Schoonejongen*,
   514 U.S. 73 (1995)..............................................................27

*Dorman v. Charles Schwab Corp.*,
   780 F. App'x 510 (9th Cir. 2019) ...........................................23, 31, 43

*Ducharme v. DST Sys., Inc.*,
   2017 WL 7795123 (W.D. Mo. June 23, 2017).............................31, 46

*Epic Sys. Corp. v. Lewis*,
   138 S. Ct. 1612 (2018)..........................................................21, 26, 28

*Fish v. Greatbanc Tr. Co.*,
   667 F. Supp. 2d 949 (N.D. Ill. 2009)......................................41

*Gilmer v. Interstate/Johnson Lane Corp.*,
   500 U.S. 20 (1991).............................................................30, 32, 33

*Harrison v. Envision Mgmt. Holding, Inc. Bd. of Dir.*,
   59 F.4th 1090 (10th Cir. 2023) ....................................................46, 47

*Hendricks v. UBS Fin. Servs.*,
   546 Fed. App'x 514 (5th Cir. 2013) ................................................26

*Henry v. Wilmington Tr. NA*,
   No. 21-2801, 2023 WL 4281813 (3rd Cir. June 30, 2023) ................................47

*Holmes v. Baptist Health S. Fla., Inc.*,
   No. 21-22986, 2022 WL 180638 (S.D. Fla. Jan. 20, 2022) ..................31, 45, 46

*Kubala v. Supreme Prod. Servs., Inc.*,
   830 F.3d 199 (5th Cir. 2016) ................................................................................25

*Langbecker v. Elec. Data Sys. Corp.*,
   476 F.3d 299 (5th Cir. 2007) ...............................................................40, 41, 47

*LaRue v. DeWolff*,
   450 F.3d 570 (4th Cir. 2006) ..............................................................................35

*LaRue v. DeWolff, Boberg & Assocs., Inc.*,
   552 U.S. 248 (2008).................................................................................*passim*

*Lloyd's Syndicate 457 v. FloaTEC, LLC*,
   921 F.3d 508 (5th Cir. 2019) ..............................................................................25

*Mass. Mut. Life Ins. Co. v. Russell*,
   473 U.S. 134 (1985)..................................................................................27, 34

*Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*,
   473 U.S. 614 (1985)........................................................................................29

*Nicholas v. KBR, Inc.*,
   565 F.3d 904 (5th Cir. 2009) ..............................................................................11

*Oren-Bousquet v. LaSalle Bank, N.A.*,
   2009 WL 10699636 (W.D. Tex. Feb. 2, 2009) ..................................................40

*Perez v. Bruister*,
   823 F.3d 250 (5th Cir. 2016) ......................................................................21, 42

*Robertson v. Argent Tr. Co.*,
   2022 WL 2967710 (D. Ariz. July 27, 2022)................................................31, 46

*Smith v. Bd. of Dir. of Triad Mfg., Inc.*,
   13 F.4th 613 (7th Cir. 2021) ...............................................................24, 43, 44

*Stolt-Nielsen S.A. v. Animal Feeds, Int'l Corp.*,
   559 U.S. 662 (2010)..................................................................................21, 26

*Thole v. U.S. Bank N.A.*,
   140 S. Ct. 1615 (2020) ............................................................38, 39, 42

*US Airways, Inc. v. McCutchen*,
   569 U.S. 88 (2013) ..........................................................................27

*Viking River Cruises, Inc. v. Moriana*
   142 S. Ct. 1906 (2022) ...............................................................*passim*

*Vimar Seguros y Reaseguros, S.A. v. M/V Sky Reefer*,
   515 U.S. 528 (1995) ........................................................................28

*Wagner v. Stiefel Labs., Inc.*,
   2015 WL 4557686 (N.D. Ga. June 18, 2015) ....................................41

**Statutes and Rules**

9 U.S.C. § 2 .......................................................................................26

9 U.S.C. § 4 .......................................................................................11

9 U.S.C. § 16(a)(1)(B) .......................................................................11

29 U.S.C. § 216(b) .............................................................................33

29 U.S.C. § 1102(a)(1) .......................................................................13

29 U.S.C. § 1109 ...........................................................................32, 47

29 U.S.C. § 1132, *et seq.* ..............................................................*passim*

29 U.S.C. § 1144(d) ......................................................................22, 29

ERISA § 409(a) ............................................................................*passim*

ERISA § 502(a)(2) ........................................................................*passim*

ERISA § 502(a)(3) ........................................................................*passim*

Fed. R. Civ. P. 23 .........................................................................*passim*

## JURISDICTIONAL STATEMENT

The district court had jurisdiction over Plaintiffs' Employee Retirement Income Security Act ("ERISA") claims pursuant to 29 U.S.C. § 1132(e)(1). Defendants' motion to compel individual arbitration was properly before the district court pursuant to 9 U.S.C. § 4. The district court denied Defendants' motion on July 12, 2023. ROA.1687-1718. Defendants timely filed their notice of appeal on August 11, 2023. ROA.1728-1730. This Court has jurisdiction over this appeal under 9 U.S.C. § 16(a)(1)(B); *Nicholas v. KBR, Inc.,* 565 F.3d 904, 907 (5th Cir. 2009) (recognizing this Court has jurisdiction over a denial of a motion to compel arbitration "even though the district court's denial of [such a] motion . . . is an interlocutory ruling").

## ISSUE PRESENTED

Whether the district court erred in applying the judge-made "effective vindication doctrine" to deny Defendants' motion to compel individual arbitration of Plaintiffs' ERISA § 502(a)(2) claims where the governing ERISA benefit plan document mandates that such claims be arbitrated on an individual basis.

## STATEMENT OF THE CASE

### A.    The RVNB ESOP

RVNB Holdings Inc. ("RVNB") provides moving and storage services with facilities throughout the United States.  ROA.32 [¶ 35].  In 2012, RVNB established the RVNB Holdings, Inc. Employee Stock Ownership Plan (the "Plan"), which is a defined contribution plan regulated by ERISA that allows participating employees to acquire a beneficial interest in the stock of their employer.  ROA.181 [¶4]; ROA.183.  Plaintiffs were participants in the Plan.  ROA.26 [¶ 2].

As with other types of defined contribution plans, Plan participants, including Plaintiffs, have individual accounts within the Plan, and the value of the assets within those individual Plan accounts determines each participant's individual Plan benefits.  The Plan is "maintained pursuant to a written instrument," 29 U.S.C. 1102(a)(1), commonly known as a plan document.

RVNB reserved to itself the "right to amend the Plan at any time" and the right "to terminate the Plan at any time." ROA.235 [§§ 14-1, 14-2].  Consistent with this authority, RVNB amended the Plan several times, including in 2017 and 2018. ROA.169 [¶¶ 6-7]; ROA.181 [¶ 6].  The 2017 and 2018 Plan Amendments were validly adopted by RVNB.  ROA.169 [¶ 7]; ROA.171-178; ROA.245-255.

The 2017 Plan Amendment "terminated" the Plan, but the Plan remained in existence until 2019, when the IRS issued its favorable determination letter on the

tax qualified status of the Plan, the Plan's termination, and the Plan's documents. ROA.169 [¶ 6]. The 2017 Plan Amendment directed that participants would be entitled to receive a distribution of up to fifty percent (50%) of their vested Plan account balances, ROA.243 [¶ 4(d)], with the remainder to be distributed to participants as soon as practicable after "the issuance of a favorable determination letter from the Internal Revenue Service ruling on the termination of the Plan and the Plan document." ROA.242 [¶ 4(a)]. The Plan received the Internal Revenue Service's favorable determination letter in May 2019. ROA.169 [¶ 6]. The remaining Plan assets were distributed to participants from the Plan during the second half of 2019. *Id.*

The 2018 Plan Amendment added to the Plan an arbitration procedure and class action waiver for all "Covered Claims." ROA.172-173. The 2018 Plan Amendment provides, in relevant part:

> **Section A-2 – Mandatory and Binding Arbitration Procedure ("Arbitration Procedure"):**
>
> As a condition to (i) any Employee becoming eligible to participate in the Plan, (ii) any Employee, Participant, or Beneficiary receiving any contributions to his or her Plan account, and/or (iii) any Employee, Participant, or Beneficiary receiving any benefit under this Plan, such Employee, Participant, or Beneficiary shall be bound, and hereby is bound, to follow and comply with the provisions of this Arbitration Procedure to resolve all Covered Claims.
>
> (a) **Covered Claims**. *Any claim by a Claimant which arises out of, relates to, or concerns this Plan*, the Trust, or the Trust Fund, *including without limitation,* any claim for benefits under the Plan,

Trust, or Trust Fund; any claim asserting a breach of, or failure to follow, the Plan or Trust; and ***any claim asserting a breach of, or failure to follow, any provision of ERISA or the Code, including without limitation claims for breach of fiduciary duty***, ERISA § 510 claims, and claims for failure to timely provide notices or information required by ERISA or the Code (collectively, **"Covered Claims"**), ***shall be settled by binding arbitration administered in accordance with the National Rules for the Resolution of Employment Disputes of the American Arbitration Association ("AAA") then in effect***.

\* \* \*

(j) **Application of Federal Arbitration Act.** This Arbitration Procedure, as set forth in all of this Section A-2 of the Plan, shall be governed by the Federal Arbitration Act, 9 U.S.C. 1, et seq. ("FAA"). Subject to the provisions of the FAA, the final award rendered by the arbitrator(s) shall be final and binding on the parties to the arbitration with respect to the Claimant's individual claims only.

\* \* \*

(k) **Covered Claims Includes Claims Against Fiduciaries and/or Non-Fiduciaries**. This Arbitration Procedure shall apply to all Covered Claims asserted by a Claimant, whether such Covered Claims (i) are asserted against one or more of the Plan's fiduciaries or alleged fiduciaries, including but not limited to the Plan Administrator and/or Trustee; and/or (ii) are asserted against the Employer or any other nonfiduciary (e.g., a Plan service provider).

ROA.172 [§ A-2(a)]; ROA.176 [§§ A-2(j), (k)] (emphasis added). The 2018 Plan Amendment also states that all "Covered Claims" must be brought solely in an individual capacity:

(b) **No Group, Class or Representative Arbitrations**. ***All Covered Claims must be brought solely in the Claimant's individual capacity and not in a representative capacity or on a class, collective, or group basis***. Each arbitration shall be limited solely to one Claimant's Covered Claims and that Claimant may not seek or receive any remedy

which has the purpose or effect of providing additional benefits or monetary or other relief to any employee, participant or beneficiary other than the Claimant. ***For instance, with respect to any claim brought under ERISA § 502(a)(2) to seek appropriate relief under ERISA § 409, the Claimant's remedy, if any, shall be limited to (i) the alleged losses to the Claimant's individual Plan account resulting from the alleged breach of fiduciary duty, (ii) a pro-rated portion of any profits allegedly made by a fiduciary through the use of Plan assets where such pro-rated amount is intended to provide a remedy solely to Claimant's individual Plan account, and/or (iii) such other remedial or equitable relief as the arbitrator deems proper so long as such remedial or equitable relief does not include or result in the provision of additional benefits or monetary relief to any [person] other than the Claimant*** …. Except as to the applicability and enforceability of the foregoing Class Action Waiver, the arbitrator(s) shall have exclusive authority to resolve any dispute or issue of arbitrability with respect to this Arbitration Procedure, including as to the jurisdiction of the arbitrator(s) or relating to the existence, scope, validity, enforceability, or performance of this Arbitration Procedure or any of its provisions.

ROA.173 [§ A-2(b)] (emphasis added).

As such, the 2018 Plan Amendment requires Plaintiffs to arbitrate their ERISA § 502(a)(2) claims against Defendants on an individual basis and it prohibits Plaintiffs from bringing claims for ***monetary*** relief (but not injunctive relief) on behalf of, or to benefit, absent Plan participants or absent Plan participants' Plan accounts.

## B.    Plaintiffs' Amended Complaint and Allegations

Plaintiffs filed this putative class action asserting claims on their own behalf, on behalf of a class of absent Plan participants, and on behalf of the entire Plan (and all of its individual Plan accounts) pursuant to ERISA §§ 502(a)(2) and (a)(3), 29

U.S.C. §§ 1132(a)(2) and (a)(3).  ROA.25-51.  By filing the action as a putative class action, Plaintiffs implicitly concede that they do not have an absolute statutory right to seek monetary relief on behalf of absent Plan participants or their Plan accounts.

Plaintiffs' Amended Complaint ("Complaint") alleges that the Plan's independent trustee, Neil Brozen, and four RVNB officers and/or directors, Robert Peterson, Vasilia Peterson, Mike Paxton and Nick Bouras, violated their ERISA fiduciary duties and/or caused the Plan to engage in a non-exempt prohibited transaction under ERISA when RVNB redeemed the shares of RVNB stock held by the Plan in 2017.  ROA.300-302 [¶ 1]; ROA.304-307 [¶¶ 13-21]; ROA.315-316 [¶¶ 80-89]; ROA.319-325 [¶¶ 99-137].  Plaintiffs also allege that non-fiduciaries Sterling Investment Partners III ("SIP III"), the Nicole Peterson 2012 Irrevocable Trust, and the Brooke Peterson 2012 Irrevocable Trust knowingly participated in the alleged non-exempt prohibited transaction.  ROA.307 [¶¶ 22-23].  Plaintiffs seek to recover all losses allegedly suffered by the Plan and all Plan participants.  ROA.302-303 [¶¶ 3-5]; ROA.306-307 [¶¶ 21, 24]; ROA.308 [¶¶ 28-29]; ROA.330-332.  Plaintiffs also seek to recover any Plan assets received by SIP III and/or the Nicole and Brooke Peterson 2012 Irrevocable Trusts in connection with the alleged non-exempt prohibited transaction.  ROA.307 [¶¶ 22-23].

The Plan's arbitration procedure and class action waiver allows Plaintiffs to pursue their claims for monetary relief on behalf of their individual Plan accounts.

The Plan also allows Plaintiffs to obtain appropriate injunctive relief, even if such injunctive relief has an impact on other Plan participants (*e.g.*, removal of the trustee). The Plan's arbitration and class action waiver, however, precludes Plaintiffs from seeking monetary relief on behalf of absent Plan participants or the absent Plan participants' individual Plan accounts.

### C.     **Defendants' Motion to Compel Individual Arbitration**

Defendants sought to enforce the Plan's terms by moving to compel individual arbitration of Plaintiffs' ERISA claims pursuant to the FAA. ROA.588-617. Defendants argued that Plaintiffs were bound by the Plan's arbitration procedure and subject to individual arbitration because (1) Plaintiffs were Plan participants; (2) Plaintiffs' claims all fell within the scope of the Plan's arbitration procedure (*i.e.*, the claims are all "Covered Claims" under the Plan); and (3) the class action waiver precluded Plaintiffs from seeking monetary relief on behalf of absent Plan participants and absent Plan participants' individual Plan accounts. ROA.603-606; ROA.612-615.

In opposition, and relevant to the issue on appeal, Plaintiffs argued that the Plan's arbitration procedure was unenforceable because the class action waiver requiring individualized arbitration eliminated their purported "right" to pursue plan-wide remedies under ERISA §§ 502(a)(2) and 409(a). ROA.776-779. Because the class action waiver is non-severable (per § A-2(b) of the 2018 Plan Amendment),

Plaintiffs argued that the entire arbitration procedure was null and void. ROA.780-781.[1]

In their reply, Defendants emphasized that nothing in the Plan's arbitration procedure and class action waiver precludes Plaintiffs from suing in a "representational" capacity on behalf of the Plan. ROA.812. Defendants acknowledged the representational nature of certain ERISA fiduciary breach claims, but stressed that ERISA (1) does *not* provide Plaintiffs with a ***substantive*** statutory right to litigate on behalf of absent Plan participants or their individual Plan accounts, and (2) does *not* preclude waiver of any ***procedural*** right to pursue claims for monetary relief on behalf of other Plan participants or their individual Plan accounts. *Id.* Accordingly, Plaintiffs' ERISA claims were subject to individual arbitrations and their potential recovery was limited to monetary losses to their individual Plan accounts as well as appropriate non-monetary injunctive relief. *Id.*

## D.    **The District Court's Ruling**

The district court denied Defendants' motion. ROA.1687. In doing so, the district court found that Plaintiffs have a ***substantive, unwaivable*** right under ERISA §§ 502(a)(2) and 409(a) to seek monetary relief on behalf of the entire Plan, all of

---

[1]    Plaintiffs did not argue that the class action waiver requiring individualized arbitration eliminated any purported "right" to pursue plan-wide remedies under ERISA § 502(a)(3). As such, the district court did not consider this issue in its order.

the Plan participants, and all of the Plan's individual participant accounts. ROA.1705.

Based on this determination, the district court applied the judge-made "effective vindication doctrine"—a doctrine never applied by this Court or by the Supreme Court to invalidate an arbitration agreement or class action waiver—to hold that the Plan's class action waiver is unenforceable because it "prospectively waives Plaintiffs' statutory right to seek Plan-wide relief under ERISA §§ 502(a)(2) and 409(a)." ROA.1718.

The district court's finding that Plan participants have a *substantive*, unwaivable statutory right to seek monetary relief on behalf of absent Plan participants and their individual Plan accounts evinces a fundamental misunderstanding of Supreme Court precedent, including *LaRue v. DeWolff, Boberg & Assocs., Inc.*, 552 U.S. 248 (2008),[2] the nature of ERISA § 502(a)(2) claims and

---

[2]    As discussed in more detail in Section B.3 *infra*, the Supreme Court recognized in *LaRue* that in the context of an individual account defined contribution plan, ERISA § 502(a)(2) authorizes recovery for fiduciary breaches impacting a participant's individual plan account.  552 U.S. at 256.  In other words, *LaRue* recognizes that plan participants have a substantive statutory right to seek relief under ERISA § 502(a)(2) for fiduciary breaches that impair the value of plan assets in their individual accounts. *Id.*  The district court said Defendants "misread" *LaRue* to hold that defined contribution plan participants in defined contribution plans may *only* seek relief under ERISA § 502(a)(2) for fiduciary breaches that impair the value of plan assets held in the participant's individual account.  ROA.1703.  That is incorrect.  Defendants actually argued that ERISA § 502(a)(2) claims are not inherently plan-wide claims in the context of a defined contribution plan because a

the relief available under ERISA § 409(a), as well as the breadth of the FAA. The

district court's ruling also appears to be inconsistent with, and undermined by, the

court's own acknowledgement that the Plaintiffs will need to satisfy the class

certification requirements of Rule 23 in order to proceed on behalf of absent Plan

participants and their Plan accounts. ROA.1704, n.9.

## SUMMARY OF THE ARGUMENT

The Federal Arbitration Act ("FAA") establishes "a liberal federal policy

favoring arbitration agreements" and requires courts "to enforce arbitration

agreements according to their terms." *Epic Sys. Corp. v. Lewis*, 138 S. Ct. 1612,

1619, 1621 (2018) (internal citation omitted). As explained by the Supreme Court,

"a party may not be compelled under the FAA to submit to class arbitration unless

there is a contractual basis for concluding that the party *agreed* to do so." *Stolt-*

*Nielsen S.A. v. Animal Feeds, Int'l Corp.*, 559 U.S. 662, 684 (2010) (emphasis in

original); *see also Epic Sys.*, 138 S. Ct. at 1623 (enforcing class action waiver).

Thus, the default rule when considering whether claims should be submitted to

_____

participant can obtain complete relief by recovering the monetary damage to her own
plan account plus non-monetary injunctive relief. ROA.1050; ROA.1661. That is
what *LaRue* held—that a defined contribution plan participant can obtain plan-based
relief in federal court for her own account. Defendants' argument is completely
consistent with *LaRue*. It is also consistent with Fifth Circuit precedent. *Perez v.*
*Bruister*, 823 F.3d 250, 258 (5th Cir. 2016) (finding that, in *LaRue*, the Supreme
Court "afford[ed] a remedy to a defined contribution plan participant to recoup the
impaired value of plan assets 'in a participant's individual account [when] caused
by fiduciary breach'") (citing *LaRue*, 552 U.S. at 256).

arbitration on an individual or class-wide basis is that claims are to be arbitrated on an individual basis.

Despite this established law, the district court erroneously concluded that by requiring individualized arbitration of Plaintiffs' ERISA claims, the Plan's arbitration provision and class action waiver precluded Plaintiffs from "vindicating their statutory right to seek plan-wide relief under ERISA §§ 502(a)(2) and 409(a)." ROA.1706.  Neither the U.S. Supreme Court nor this Court have ever applied the effective vindication doctrine to invalidate a plan's arbitration provision and class action waiver.  This is not the case in which to depart from precedent.

The district court's application of the effective vindication doctrine is contrary to Supreme Court precedent interpreting the FAA and impermissibly creates disharmony between ERISA and the FAA.  However, nothing in ERISA prohibits (or even references) individual arbitration.  To the contrary, ERISA expressly affirms Congress's intention not to interfere with the normal operation of other federal statutes, including the FAA.  *See* 29 U.S.C. § 1144(d) ("Nothing in this subchapter shall be construed to alter, amend, modify, invalidate, impair, or supersede any law of the United States . . . or any rule or regulation issued under any such law.").  Therefore, ERISA provides no basis to depart from settled FAA precedent.

Moreover, the Supreme Court has held that participants in defined contribution plans with individual accounts (like Plaintiffs) can vindicate their statutory rights under ERISA §§ 409(a) and 502(a)(2) by seeking individual monetary relief on behalf of their plan account plus injunctive relief. *LaRue*, 552 U.S. at 255-56. In the context of a defined contribution plan, such individual relief will make a participant whole for any breaches of fiduciary duty impacting his or her plan account. *Id.* at 256. Other Supreme Court precedent makes clear that requiring individual arbitration under the FAA is consistent with a participant's right to effectively vindicate his or her federal statutory rights. *See, e.g.*, *Am. Exp. Co. v. Italian Colors Rest.*, 570 U.S. 228, 234-35 (2013) (holding that antitrust claims under the Sherman Act were subject to individual arbitration); *see also* Section B.1.

Consistent with this precedent, and in contrast with the district court's order, two other Circuits have recognized that any right a plan participant in a defined contribution plan may have to seek remedies on behalf of other participants' accounts under ERISA §§ 502(a)(2) and 409(a) is a waivable, procedural right (*i.e.*, not a substantive right). *See Dorman v. Charles Schwab Corp.*, 780 F. App'x 510, 514 (9th Cir. 2019) (*Dorman II*) ("Because 'arbitration is a matter of contract,' the Provision's waiver of class-wide and collective arbitration must be enforced according to its terms, and the arbitration must be conducted on an individualized

basis."); *Smith v. Bd. of Dir. of Triad Mfg., Inc.*, 13 F.4th 613, 622 (7th Cir. 2021) (noting that individual arbitration of ERISA § 502(a)(2) claims is not "inherently incompatible with ERISA").

These holdings are not surprising as courts across the country have allowed participants to pursue ERISA § 502(a)(2) claims on a plan-wide basis only after satisfying certain procedural requirements. *See, e.g., Coan v. Kaufman*, 457 F.3d 250, 259 (2d Cir. 2006) (an ERISA § 502(a)(2) claim ***cannot*** "be brought in a 'representative capacity on behalf of the plan' if the plaintiff does not take any steps to become a bona fide representative of other interested parties"); *see also infra* at Section B.4. These holdings show that the ability of an ERISA plan participant to represent other plan participants (and their plan accounts) is a merely a ***procedural*** right, not a substantive right, which can be waived. *See, e.g., Am. Exp.*, 570 U.S. at 237 (the procedural right to seek to represent a class of litigants is waivable).

Given the Supreme Court's clear mandate and the plain language of the FAA and ERISA, this Court should reverse the district court's denial of Defendants' motion to compel individual arbitration and order that this dispute be arbitrated on an individual basis pursuant to the terms of the Plan's arbitration procedure.

## STANDARD OF REVIEW

This Court reviews *de novo* the district court's denial of Defendants' motion to compel individual arbitration. *See Am. Heritage Life Ins. Co. v. Lang,* 321 F.3d 533, 536 (5th Cir. 2003).

## ARGUMENT

The analysis of whether to compel a matter to arbitration is typically limited to consideration of two issues: (1) whether the parties entered into an arbitration agreement, and (2) whether the plaintiff's claims are covered by the arbitration agreement. *See, e.g., Lloyd's Syndicate 457 v. FloaTEC, LLC*, 921 F.3d 508, 514 (5th Cir. 2019); *Kubala v. Supreme Prod. Servs., Inc*., 830 F.3d 199, 201 (5th Cir. 2016). For purposes of this appeal, there is no dispute that the Plan contains an arbitration agreement or that Plaintiffs' claims are covered by the arbitration agreement. Instead, the dispute centers around the validity of the class action waiver contained in the Plan's arbitration procedure. While the validity of a class action waiver is typically reserved for the arbitrator(s), the arbitration procedure expressly delegates the authority to decide this issue to the district court. ROA.173 [§ A-2b]. As shown below, the district court erred in finding that the Plan's arbitration provision and class action waiver is invalid. As such, the district court's ruling should be reversed.

**A.    The Plan's Class Action Waiver Is Valid and Should Be Enforced**

**1.    The FAA And ERISA Require Enforcement Of The Plan's Arbitration Provision As Written**

The FAA mandates that arbitration agreements "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. As this Court and the Supreme Court have repeatedly recognized, the FAA reflects Congress's intent to establish a "strong policy favoring arbitration." *Hendricks v. UBS Fin. Servs.*, 546 Fed. App'x 514, 518 (5th Cir. 2013); *Epic Sys. Corp.*, 138 S. Ct. at 1621 ("[The FAA] establishes 'a liberal federal policy favoring arbitration agreements.'"); *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 344 (2011) ("The principal purpose of the FAA is to ensure that private arbitration agreements are enforced according to their terms." (citations and quotation marks omitted)).

The FAA requires courts to "'rigorously enforce' arbitration agreements according to their terms." *Am. Exp.*, 570 U.S. at 233. "Whether enforcing an agreement to arbitrate or construing an arbitration clause, courts and arbitrators must 'give effect to the contractual rights and expectations of the parties.'" *Stolt-Nielsen S.A.*, 559 U.S. at 682 (citation omitted). This is true even where an arbitration agreement includes a class action waiver. *See, e.g., Epic Sys.*, 138 S. Ct. at 1619. Indeed, the Supreme Court has repeatedly held that class action waivers in arbitration provisions are valid and enforceable because, "[i]n the [FAA], Congress

has instructed federal courts to enforce arbitration agreements according to their terms—including terms providing for individualized proceedings." *Id.*

ERISA also requires that the Plan be enforced as written. *US Airways, Inc. v. McCutchen*, 569 U.S. 88, 101 (2013); *see also Curtiss-Wright Corp. v. Schoonejongen*, 514 U.S. 73, 83 (1995) (recognizing that ERISA's statutory scheme is "built around reliance on the face of written plan documents"); 29 U.S.C. § 1132(a) (permitting claims only "under the terms of the plan"). This strict requirement to enforce plan terms as written ensures that fiduciaries further "ERISA's principal function: to 'protect contractually defined benefits.'" *McCutchen*, 569 U.S. at 100-101 (quoting *Mass. Mut. Life Ins. Co. v. Russell*, 473 U.S. 134, 148 (1985)).

The district court's order denying Defendants' motion to compel individual arbitration ignores these fundamental principles and should be reversed. The district court undermined the rigorous enforcement of arbitration provisions and deprived plan fiduciaries of the needed certainty in being able to rely on lawful plan terms.

### 2. There Is No Disharmony Between The FAA Policy Of Enforcing Arbitration Agreements As Written And The Rights Available To Plaintiffs Under ERISA

The Supreme Court has repeatedly held that class action waivers in arbitration provisions are valid and enforceable because, "[i]n the [FAA], Congress has instructed federal courts to enforce arbitration agreements according to their terms—

including terms providing for individualized proceedings." *Epic Sys.*, 138 S. Ct. at 1619. This clear FAA policy can only be displaced if another federal statute requires that outcome.

A party claiming that a statute cannot be harmonized with the FAA (and, as such, should displace the FAA) "bears the heavy burden of showing 'a clearly expressed congressional intention' that such a result should follow." *Id.* at 1624 (citing *Vimar Seguros y Reaseguros, S.A. v. M/V Sky Reefer,* 515 U.S. 528, 533 (1995)). Congress's intention on this point "must be 'clear and manifest.'" *Id.* Given this high bar, it is no surprise that the Supreme Court "has rejected *every* such effort to date . . . with statutes ranging from the Sherman and Clayton Acts to the Age Discrimination in Employment Act, the Credit Repair Organizations Act, the Securities Act of 1933, the Securities Exchange Act of 1934, and the Racketeer Influenced and Corrupt Organizations Act." *Id.* at 1627.

The district court erred in failing to acknowledge this legal standard, let alone apply it, when it implicitly determined that ERISA displaced the FAA and precluded arbitration clauses with class action waivers. Had the district court applied the correct legal standard, it would have found that nothing in ERISA — including ERISA §§ 502 and 409 — prohibits (or even references) individual arbitration. To the contrary, ERISA expressly affirms Congress's intention not to interfere with the normal operation of other federal statutes, including the FAA. *See* 29 U.S.C. §

1144(d) ("Nothing in this subchapter shall be construed to alter, amend, modify, invalidate, impair, or supersede any law of the United States . . . or any rule or regulation issued under any such law.").

### B.    The District Court Erred In Applying The Effective Vindication Doctrine To Refuse Enforcement Of The Plan's Arbitration Procedure And Class Action Waiver

Instead of enforcing the Plan's arbitration agreement as written, the district court erroneously relied on the judge-made "effective vindication" doctrine to override the Plan language requiring individual arbitration of Plaintiffs' ERISA claims and to sidestep the clear mandates of both the FAA and ERISA requiring the enforcement of plan arbitration provisions in accordance with their terms.  As shown below, the effective vindication doctrine does not apply and any reliance on the doctrine to override the Plan's arbitration procedure and class action waiver is improper.

### 1.    The Effective Vindication Doctrine

The Supreme Court first referenced the "effective vindication" doctrine in *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.,* 473 U.S. 614, 637 n.19 (1985).  Although declining to apply the doctrine, the Court suggested in ***dicta*** that a narrow exception to the FAA might exist for arbitration provisions that operate "as a prospective waiver of a party's right to pursue statutory remedies."  *Id*.  Since *Mitsubishi*, the Supreme Court has addressed the "effective vindication" exception

but, as the district court's order here acknowledges, has never applied it to invalidate an arbitration agreement (nor has the Fifth Circuit). *See* ROA.1695-96 (noting that the Supreme Court "has, to date, declined to actually apply the exception to any case before it"); *Am. Exp.*, 570 U.S. at 229 (holding that antitrust claims under Sherman Act were subject to individual arbitration and noting "the fact that it is not worth the expense involved in *proving* a statutory remedy does not constitute the elimination of the *right to pursue* that remedy"); *Gilmer v. Interstate/Johnson Lane Corp.,* 500 U.S. 20, 32 (1991) (declining to apply the "effective vindication" doctrine to Age Discrimination in Employment Act ("ADEA") claims even though the ADEA expressly authorizes "collective" actions). Indeed, as the district court recognized, the "effective vindication" doctrine is a "rare" exception to the general mandate that courts enforce arbitration agreements as written. ROA.1717 (recognizing that provisions to which the effective vindication exception would apply are "rare"). Nevertheless, the district court decided to apply the exception to the Plan's arbitration procedure.

The district court erred in applying the effective vindication doctrine to invalidate the Plan's arbitration procedure in this case. Plaintiffs simply do not have an inherent substantive right to bring an ERISA action seeking monetary relief on behalf of all absent Plan participants and their individual Plan accounts that would be frustrated by enforcing the Plan as written. Rather, the only

*substantive* right they have is the right to assert claims relating to their own individual plan accounts. That right is indisputably available in individualized arbitration. The right to represent the entire plan and all of its plan accounts is a procedural right which can be waived. *See Am. Exp.*, 570 U.S. at 234-235. Consistent with the foregoing, courts across the country have enforced arbitration provisions that require individual arbitration of ERISA § 502(a)(2) claims. *See Dorman II*, 780 F. App'x at 514 (reversing district court and finding that plaintiff's ERISA § 502(a)(2) claims are subject to individual arbitration under the terms of the plan); *Robertson v. Argent Tr. Co.,* 2022 WL 2967710, at *10 (D. Ariz. July 27, 2022) (compelling plaintiff's ERISA § 502(a)(2) claims into individual arbitration); *Holmes v. Baptist Health S. Fla., Inc.*, No. 21-22986, 2022 WL 180638, at *4 (S.D. Fla. Jan. 20, 2022) (same); *Ducharme v. DST Sys., Inc.*, 2017 WL 7795123, *1 (W.D. Mo. June 23, 2017) (dismissing ERISA § 502(a)(2) claims and enforcing individual arbitration where plaintiff "waived his right to act in a representative capacity on behalf of a class or collective action"). The district court erred in failing to do so here.

### 2. The Language Of ERISA Does Not Support Application Of The "Effective Vindication" Doctrine To Bar Individual Arbitration In This Case

The district court's conclusion that the "Class Action Waiver is unenforceable because it prospectively waives Plaintiffs' statutory right to seek Plan-wide relief

under ERISA §§ 502(a)(2) and 409(a)," ROA.1718, is contrary to the plain text of the ERISA sections it relies upon. Under ERISA § 502, a plan participant can bring a civil action "for appropriate relief under section 1109 of this title." 29 U.S.C. § 1132(a)(2). Section 1109, in turn, provides that a plan fiduciary who breaches its ERISA responsibilities:

> shall be personally liable to make good to such plan any losses to the plan resulting from each such breach, and to restore to such plan any profits of such fiduciary which have been made through use of assets of the plan by the fiduciary, and shall be subject to such other equitable or remedial relief as the court may deem appropriate, including removal of such fiduciary.

29 U.S.C. § 1109.

Nothing in these provisions indicate a congressional intent to create a substantive, unwaivable right for a plan participant to obtain monetary relief on behalf of absent plan participants or their individual plan accounts. At most these sections can be read to contemplate the ***possibility*** of plan-wide relief—*i.e.* that, as the district court noted, "individual participants in a defined contribution plan ***may*** seek plan-wide relief under ERISA §§ 409(a) and 502(a)(2)." ROA.1705 (emphasis added). But that does not mean that these sections ***guarantee a substantive*** right to pursue such relief on behalf of absent plan participants and their individual plan accounts. *See Am. Exp.*, 570 U.S. at 236 ("[S]tatutory permission [does] 'not mean that individual attempts at conciliation [are] intended to be barred.'") (quoting *Gilmer*, 500 U.S. at 32). Any purported "right" conferred on a plan participant under

32

these provisions is procedural in nature and can be waived through a valid arbitration agreement requiring individual arbitration.

This conclusion is supported by the fact that arbitration agreements requiring individual arbitration of claims arising under federal statutes that ***expressly permit*** class-wide or representative actions have been deemed enforceable by the Supreme Court.  For example, in *Gilmer*, the petitioner sought to avoid arbitration of his claims under the ADEA, which expressly allows employees to recover on behalf of "themselves and other employees similarly situated."  500 U.S. at 32; 29 U.S.C. § 216(b); *see also Am. Exp.*, 570 U.S. at 237 (noting that *Gilmer* upheld an arbitration agreement and class waiver even though the ADEA "expressly permitted collective actions").  Despite the ADEA's plain language, the Supreme Court "had no qualms in enforcing a class waiver in an arbitration agreement."  *Am. Exp.*, 570 U.S. at 237. As the Court made clear, "the fact that the [ADEA] provides for the ***possibility*** of bringing a collective action does not mean that individual attempts at conciliation were intended to be barred."  *Gilmer*, 500 U.S. at 32 (citation omitted) (emphasis added).

Unlike the ADEA, ERISA §§ 502(a)(2) and 409(a) do not create an express "right" to collective action.  And, even if they did, the Supreme Court has made clear any such right is procedural in nature and subject to being waived through an arbitration agreement.

### 3.     Plaintiffs Only Have A Substantive Right Under ERISA § 502(a)(2) To Seek Monetary Relief With Respect To Their Individual Plan Accounts; Any "Right" To Seek Plan-Wide Monetary Relief Is A Procedural Right That Can Be Waived

As set forth above, the district court concluded that the Class Action Waiver was unenforceable because it allegedly prevented Plaintiffs from effectively vindicating their statutory rights under ERISA.   However, in reaching this conclusion, the district court misapplied the U.S. Supreme Court's decision in *LaRue.*   In *LaRue,* the Supreme Court made clear that a participant in a defined contribution plan, like the Plan here, can pursue a claim under ERISA § 502(a)(2) seeking to recover only the plan losses attributable to his or her individual plan account.   552 U.S. at 256.   That is, the participant has a statutory right to seek individual monetary relief (as well as appropriate non-monetary injunctive relief) when they have been harmed by a fiduciary's alleged ERISA violations and such rights are not tied to the "entire plan."

In *LaRue,* the plaintiff participated in a 401(k) plan which, like the Plan here, is a form of a defined contribution (or individual account) plan.   *Id*. at 250-251.   The plaintiff claimed that the plan administrator breached its fiduciary duty by failing to carry out his investment instructions and thus "'depleted' his interest in the Plan by approximately $150,000."   *Id*. at 251.   In the proceeding below, the Fourth Circuit, relying on *Massachusetts Mutual Life Insurance Company v. Russell*, 473 U.S. 134, 146 (1985), held that the plaintiff had failed to state a claim under ERISA § 502(a)(2)

because ERISA § 502(a)(2) provides remedies only for the "entire plan" and does not allow for recovery of losses to individual accounts. *LaRue v. DeWolff*, 450 F.3d 570, 572 (4th Cir. 2006).

The Supreme Court reversed the Fourth Circuit and held that a participant in a defined contribution plan may seek relief under ERISA § 502(a)(2) for the harm a fiduciary breach causes to the value of a participant's individual plan account (and not the plan as a whole). *LaRue*, 552 U.S. at 256. In so doing, the Court distinguished between defined benefit plans, like the one at issue in *Russell,* and defined contribution plans. *Id*. at 254-55. The Court reasoned that the "entire plan" language in *Russell* made sense in the defined benefit plan context because an individual's fixed retirement payment under a defined benefit plan is not affected by misconduct unless the misconduct impacts the potential for default of the entire plan. Thus, in the context of a defined benefit plan, the focus is necessarily on the alleged injury to the entire plan.

In the defined contribution plan context, however, emphasis on injury to the "entire plan" is "beside the point" because "fiduciary misconduct need not threaten the solvency of the entire plan to reduce benefits below the amount that participants would otherwise receive." *Id*. at 255-56; *see also id.* at 256 (*Russell*'s "entire plan" language "appears nowhere in § 409 or § 502(a)(2)" and "does not apply to defined contribution plans").

Thus, under *LaRue*, relief is available on an individual plan account basis even if the alleged breach of fiduciary duty may have impacted other plan accounts too. *See id.* Thus, a participant suing to remedy the harm caused by a fiduciary breach can pursue the ERISA § 502(a)(2) claim on behalf of her individual plan account only. Whether that participant can sue on behalf of other allegedly harmed accounts is a separate procedural question.

A participant in such a situation could seek to sue on behalf of all plan accounts by seeking to have a class action certified, but that is only a procedural right that can be waived. *See Am. Exp.*, 570 U.S. at 234-235 ("One might respond, perhaps, that federal law secures a nonwaiveable opportunity to vindicate federal policies by satisfying the procedural strictures of Rule 23 or invoking some other informal class mechanism in arbitration. But we have already rejected that proposition in *AT&T Mobility*."). The right to seek class certification is not an unwaivable substantive right. Accordingly, an arbitration provision limiting participants to individual monetary relief and appropriate non-monetary injunctive relief does not impinge on a participant's rights under ERISA and does not implicate the effective vindication doctrine.

### 4. A Claim Under ERISA § 502(a)(2) Is A "Claim Joinder" Form Of Representative Claim And Can Be Arbitrated On An Individual Basis

In *Viking River Cruises, Inc. v. Moriana*, the Supreme Court recognized two ways in which a statute could allow for "representative" claims and concluded that the type of "representative" claim at issue here—a form of claim joinder—can be arbitrated on an individual basis. 142 S. Ct. 1906, 1922-1924 (2022). The district court attempted to distinguish *Viking River* on grounds that "*Viking River* deals with a conflict between the FAA and state law." ROA.1712-13. But, that distinction is irrelevant.

In *Viking River*, the Supreme Court considered whether an arbitration provision requiring individual arbitration of claims under the California Private Attorneys General Act ("PAGA") was enforceable. The arbitration provision at issue prohibited the plaintiff from bringing in arbitration "any dispute as a class, collective, or representative PAGA action." 142 S. Ct. at 1916. Interpreting PAGA, the Court observed that there were two ways in which a PAGA claim could be considered "representative"—(1) when "the employee plaintiff sues as an 'agent or proxy' of the State," and (2) when the plaintiff's claims "are predicated on code violations sustained by other employees" (which the Court described as a form of "claim joinder"). *See id.* at 1914, 1916. The Supreme Court held that the arbitration provision—specifically, its prohibition on bringing a "representative" PAGA claim

in arbitration—was unenforceable with respect to the first form of PAGA claim, but the provision was enforceable with respect to the second, "claim joinder" form of PAGA claim. *See id.* at 1922-24.

A claim under ERISA § 502(a)(2) is not analogous to the "agent or proxy" type of "representative" PAGA action because an ERISA claim is not one in which "a single agent litigates on behalf of a single principal." *Id.* at 1922. Indeed, the Supreme Court's decision in *Thole v. U.S. Bank N.A.,* 140 S. Ct. 1615 (2020) makes this clear because it shows that individual standing is necessary in an ERISA § 502(a)(2) action, which would not be true if such claims were "agent or proxy" claims.

At issue in *Thole* was whether two participants in an ERISA defined benefit pension plan had Article III standing to bring a suit under ERISA § 502(a)(2) for alleged breach of fiduciary duty. Among other things, the plaintiffs argued they did not need to show individual injury for purposes of Article III standing because under ERISA § 502(a)(2) they are bringing suit as "representatives of the plan itself." 140 S. Ct. at 1620. The Court rejected this argument and found that the participants had to establish individual standing. In particular, the Court explained that "in order to claim 'the interests of others, the litigants themselves still must have suffered an injury in fact, thus giving' them 'a sufficiently concrete interest in the outcome of

the issue in dispute,'" and "[t]he plaintiffs themselves do not have a concrete stake in this suit." *Id.* (citation omitted).

Under *Thole,* an ERISA § 502(a)(2) claim cannot be considered to be similar to an "agency or proxy" type of "representative" action because a plaintiff is required to demonstrate their own injury for Article III standing to bring an ERISA § 502(a)(2) claim.[3] If the ERISA § 502(a)(2) claim could be considered an "agency or proxy" type of "representative" action, then establishing that a participant had individual standing would be unnecessary as long as the plan suffered some injury.

Rather, ERISA § 502(a)(2) claims should be analogized to the second form of "representative" action under PAGA as articulated by *Viking River—i.e.*, as a form of "claim joinder" that would "allow a party to unite multiple claims against an opposing party in a single action." 142 S. Ct. at 1915. Under *Viking River*, any attempt to create an unwaivable mechanism for this sort of "claim joinder" conflicts with the FAA. *Id.* at 1923.

---

[3] The district court concluded that *Thole* is distinguishable from this case because the *Thole* plaintiffs were participants in a defined benefit plan and not a defined contribution plan. ROA.1713. This distinction is immaterial to the principle articulated by *Thole* and emphasized by Defendants. *Thole* unequivocally held that a plaintiff must have individual Article III standing to bring an ERISA § 502(a)(2) claim. Thus, the holding in *Thole* proves that a participant's claim under ERISA § 502(a)(2) is not similar to the "agency or proxy" type of "representative" action discussed in *Viking River* where a plaintiff is standing in the shoes of another singular entity and, as such, the individual plaintiff does not need to establish Article III standing. Whether the plan at issue is a defined benefit plan or defined contribution plan does not change this standing analysis.

Numerous courts have explicitly or implicitly agreed that a representative claim under ERISA § 502(a)(2) is a form of procedural "claim joinder." In *Coan v. Kaufman*, the Second Circuit dismissed an ERISA § 502(a)(2) claim brought by a plaintiff seeking plan-wide relief on behalf of all participants in a defined contribution plan because the plaintiff failed to satisfy requirements similar to those in Rule 23 (governing class actions). 457 F.3d at 250. The court reasoned that the "***representative*** nature of the [ERISA] § 502(a)(2) right of action implies that plan participants must employ ***procedures*** to protect effectively the interests they purport to represent." *Id.* at 259 (emphasis added). Thus, an ERISA § 502(a)(2) claim ***cannot*** "be brought in a 'representative capacity on behalf of the plan' if the plaintiff does not take any steps to become a bona fide representative of other interested parties." *Id.*

Other courts, including those in this Circuit, have also required a participant to satisfy procedural requirements before allowing a participant to proceed on behalf of absent plan participants or their individual plan accounts. *See, e.g., Langbecker v. Elec. Data Sys. Corp.*, 476 F.3d 299, 318 (5th Cir. 2007) (vacating class certification order of ERISA § 502(a)(2) claims on behalf of the plan due to the participant's inability to satisfy the requirements of Rule 23); *Oren-Bousquet v. LaSalle Bank, N.A.*, 2009 WL 10699636, at *1 (W.D. Tex. Feb. 2, 2009) (refusing to allow plaintiff to proceed on behalf of absent plan participants under ERISA §

502(a)(2) due to failure to satisfy Rule 23); *see also Fish v. Greatbanc Tr. Co*., 667 F. Supp. 2d 949, 951 (N.D. Ill. 2009) ("to permit the action to go forward without the type of protections provided by [Rule 23] or their equivalent would be overly myopic"); *Wagner v. Stiefel Labs., Inc.*, 2015 WL 4557686, at *13 (N.D. Ga. June 18, 2015) (concluding that individual plaintiffs lacked standing to pursue § 502(a)(2) claim on behalf of the entire plan and all of its plan accounts because plaintiffs "have done nothing to notify or otherwise involve other Plan participants").

While the district court did not acknowledge *Coan, Langbecker,* or similar cases in its order, the district court implicitly recognized the right of a participant to seek relief on behalf of an entire plan, including absent plan participants and their plan accounts, is predicated on satisfying certain procedural requirements:

> the Fifth Circuit [has] recognized that individual participants in a defined contribution plan may sue for plan-wide relief but indicated some concern as to whether the interest of absentee participants and beneficiaries would be adequately protected without class certification-type procedures. This concern is of no moment here because Plaintiffs have moved for class certification. Thus, if litigation in this case proceeds, the Court will have the opportunity to determine whether Plaintiffs satisfy the class representative requirements of Federal Rule of Civil Procedure 23 and adequately represent the interests of the putative class members.

ROA.1704, n.9 (internal citation omitted).[4]  Given that a participant's right to seek

relief on behalf of absent plan participants and their plan accounts is predicated on

satisfying Rule 23 (or similar procedural requirements), ***it necessarily follows that***

***the right to seek plan-wide relief on behalf of absent plan participants and/or their***

***plan accounts is a procedural, not substantive, right***.  If it were a substantive right,

pursuant to which the plaintiff was suing as an "agent or proxy" of a single principal,

no additional procedural requirements would be necessary in order for a plan

participant to pursue plan-wide relief.

Under the Supreme Court's holdings in *Viking River* and *Thole* and Fifth

Court precedent refusing to allow a plan participant to represent absent plan

---

[4]     The district court's discussion of the procedural requirements necessary for a
participant to represent the interests of others arose in the context of discussing
*Perez*.  Based on its interpretation of *Perez*, the district court found "that individual
plan participants in defined contribution plans have an ERISA-recognized interest
[in the] plan assets as a whole because the losses suffered by individual plan
participants are 'coterminous' with the loss to the entire plan."  ROA. 1704-1705
(citing *Perez*, 823 F.3d at 257-58).  The district court's reliance on *Perez* to support
this finding is misplaced.  *Perez* involved ERISA § 502(a)(2) claims brought by two
plan participants and the Department of Labor ("DOL").  The *Perez* court noted that
the DOL had the ability to recover losses on behalf of the plan as a whole.  As such,
the *Perez* court held that the individual standing of the plan participants would "not
affect issues of the liability or remedy."  *Id.* at 257.  Nowhere does *Perez* indicate
that an individual participant has the statutory right to represent the plan as a whole
or to seek to recover losses allegedly suffered by the entire plan.  To the contrary,
*Perez* acknowledges that ERISA affords "a remedy to a defined contribution plan
participant to recoup the impaired value of plan assets 'in a participant's individual
account [when] caused by fiduciary breach.'"  *Id.* at 258 (citing *LaRue*, 552 U.S. at
256).

participants without satisfying Rule 23 or similar procedural requirements, the right of a participant to represent absent plan participants and their accounts must be a waivable procedural right. The district court erred in finding to the contrary.

### 5.    Appellate And Other District Courts Have Concluded That Claims Under ERISA § 502(a)(2) Can Be Arbitrated On An Individual Basis

The foregoing analysis is supported by the fact that numerous appellate and district courts have held that ERISA § 502(a)(2) claims can be arbitrated on an individual basis. For instance, the Ninth Circuit in *Dorman II* held that a plan document's "waiver of class-wide and collective arbitration must be enforced according to its terms." 780 F. App'x at 514. The court recognized that "[a]lthough § 502(a)(2) claims seek relief on behalf of a plan, the Supreme Court has recognized that such claims are inherently individualized when brought in the context of a defined contribution plan like that at issue." *Id.* The court reasoned that "[b]ecause 'arbitration is a matter of contract,' the [arbitration agreement, including its] waiver of class-wide and collective arbitration[,] must be enforced according to its terms." *Id*. (citation omitted). Accordingly, the court found that the ERISA § 502(a)(2) claims were subject to arbitration and that "the arbitration must be conducted on an individualized basis." *Id.*

Likewise, the Seventh Circuit observed that requiring "individualized arbitration" is not "inherently incompatible with ERISA." *Smith*, 13 F.4th at 622.

The Court read *LaRue* correctly as providing that ERISA § 502(a)(2) "'authorize[s] recovery for fiduciary breaches that impair the value of plan assets in a participant's *individual* account.'" *Id.* (alteration in original). The Seventh Circuit's reasoning in *Smith* supports the conclusion that the class action waiver here is enforceable. This is because *Smith* recognized that ERISA claims for fiduciary breach may be brought on an **individualized** basis. *Id.* **Individual** arbitration therefore fits squarely within that framework, and each participant will receive the same remedy in arbitration as he or she would receive in an individual court action (*i.e.*, monetary relief as to the participant's plan account and any non-monetary injunctive relief deemed appropriate).[5]

---

[5]     The *Smith* court ultimately affirmed the district court's denial of a motion to compel arbitration based on the "effective vindication" doctrine. Specifically, the court found that the class action waiver interfered with the participants' right to seek necessarily plan wide relief in the form of removal of fiduciaries. As explained in Section B, the Seventh Circuit's reasoning on this point should be rejected because the effective vindication doctrine does not apply. Even if it did, however, the language in the class action waiver at issue here is distinguishable. The *Smith* court focused on language which allegedly precluded a participant from, among other things, seeking removal of the plan's fiduciary. But the language before the court here does not preclude plan-wide non-monetary injunctive relief. *Compare Smith*, 13 F.4th at 616 (providing that a "Claimant may not seek or receive any remedy which has the purpose or effect of providing additional benefits or monetary **or other relief** to any [person] other than the Claimant") (emphasis added), *with* the relevant Plan language here (only precluding "such remedial or equitable relief [that] does not include or result in the provision of additional benefits or monetary relief to any [person] other than the Claimant"). *See* ROA.173 [§ A-2(b)]. Although the full language of the class action waiver at issue in *Smith* was very similar to the language in the Plan, the *Smith* court ignored – and failed to analyze the impact of – the

In *Holmes v. Baptist Health South Florida, Inc.,* the Southern District of Florida addressed the exact issue before the district court in this case—whether an ERISA plan's class action waiver, which precluded plan participants from bringing ERISA § 502(a)(2) claims in arbitration on a class, group, or representative basis and from receiving relief that provided "additional benefits or monetary relief to any other person," prevents the effective vindication of rights allegedly guaranteed in ERISA §§ 502(a)(2) and 409(a). 2022 WL 180638, at *1-3. Before analyzing this specific issue, the *Holmes* court acknowledged the rarity with which courts apply the effective vindication exception. *Id.* at *2. The court specifically noted that the Eleventh Circuit—like the Fifth Circuit—has never applied the effective vindication exception to void an arbitration clause. *Id.*

Turning to the language before it, the *Holmes* court found that the class action waiver only prohibited relief that provides "additional benefits or monetary relief to any person" other than the claimant. *Id.* at *3. It did not preclude injunctive relief that would have a plan-wide effect, such as the ability to seek removal of the plan's fiduciaries. *Id.* Given that the class action waiver allowed each of the individual claimants to recover monetary relief on behalf of their individual plan accounts, and

---

language in that case allowing "such remedial or equitable relief [that] does not include or result in the provision of additional benefits or monetary relief to any [person] other than the Claimant."

to recover plan-wide injunctive relief that does not provide additional benefits or monetary relief to others, the court found that the class action waiver did not preclude the effective vindication of ERISA rights and compelled the plaintiffs into individual arbitration. *Id*.

As in *Holmes*, the Plan's arbitration and class action waiver provision at issue here only precludes the provision of "additional benefits or monetary relief to any [person] other than the Claimant . . . ." *See* ROA.173. Thus, as in *Holmes*, the class action waiver does not preclude the effective vindication of ERISA rights by requiring individualized arbitration. Other courts have held similarly. *See Robertson,* 2022 WL 2967710, at *10 (compelling plaintiff's ERISA § 502(a)(2) claims into individual arbitration); *Ducharme*, 2017 WL 7795123, at *1 (dismissing ERISA § 502(a)(2) claims and enforcing individual arbitration where plaintiff "waived his right to act in a representative capacity on behalf of a class or collective action").

Plaintiffs will likely point to recent decisions by the Tenth and Third Circuits declining to enforce a plan's class action waiver because the courts believed the language in ERISA §§ 502(a)(2) and 409 provides participants a **<u>substantive</u>** right that cannot be waived (as opposed to a **<u>procedural</u>** right that can be waived) to seek relief on behalf of a plan's absent participants and their plan accounts. *See, e.g.*, *Harrison v. Envision Mgmt. Holding, Inc. Board of Dir.*, 59 F.4th 1090, 1108-09

(10th Cir. 2023) (finding arbitration provision was invalid because its "prohibition of any form of relief that would benefit anyone other than [the plaintiff] . . . directly conflicts with the statutory remedies available under 29 U.S.C. §§ 1109 and 1132(a)(2), (a)(3)"); *Henry v. Wilmington Tr. NA*, No. 21-2801, 2023 WL 4281813 (3rd Cir. June 30, 2023) (same).

The reasoning in these cases is misguided and fails to address (1) the Supreme Court's decision in *Viking River*, and (2) the significant number of cases finding that plan participants can only pursue relief on behalf of the plan's absent participants or their accounts after first satisfying some procedural requirement, like Rule 23 or Rule 19. *See, e.g., Coan*, 457 F.3d at 259 (finding ERISA claim failed because an action could not "be brought in a 'representative capacity on behalf of the plan' if the plaintiff does not take any steps to become a bona fide representative of other interested parties").

The district court's failure to acknowledge *Coan, Langbecker,* and similar cases is significant because those cases make clear that the right of a participant to seek relief on behalf of an entire plan, including absent plan participants and their accounts, is predicated on satisfying certain procedural requirements. Given that a participant's right to seek relief on behalf of absent plan participants and their plan accounts is predicated on satisfying procedural requirements (like Rule 23), it necessarily follows that the right to seek plan-wide monetary relief on behalf of

absent plan participants and/or their plan accounts is not a substantive right. If it were, no additional procedural requirements would be necessary in order for a plan participant to exercise this alleged right to pursue plan-wide monetary relief.

This reasoning is in line with the Supreme Court's decisions finding that class action waivers in arbitration agreements are enforceable even when a claimant is pursuing important statutory rights. *See Am. Exp.*, 570 U.S. at 234-235 ("One might respond, perhaps, that federal law secures a nonwaiveable opportunity to vindicate federal policies by satisfying the procedural strictures of Rule 23 or invoking some other informal class mechanism in arbitration. But we have already rejected that proposition in *AT&T Mobility*.").

In line with this authority, Defendants urge this Court to find that that Plaintiffs do not have an nonwaivable statutory right to seek monetary relief on behalf of absent Plan participants or their Plan accounts and that the Plan's arbitration procedure and class action waiver is valid and enforceable.

## CONCLUSION

For all these reasons, this Court should reverse the district court's order and remand with instructions to compel Plaintiffs to arbitrate their claims on an individualized basis, stay this matter pending arbitration, and grant Defendants any other relief the Court deems just.

Respectfully submitted,

/s/ Todd D. Wozniak

Todd D. Wozniak  (counsel of record)
**HOLLAND & KNIGHT LLP**
1180 West Peachtree Street NW,
Suite 1800
Atlanta, GA 30309
404-817-8431
todd.wozniak@hklaw.com

Lindsey R. Camp
**HOLLAND & KNIGHT LLP**
West Tower, 777 S. Flagler Dr.,
Suite 1900
West Palm Beach, FL 33401
404-817-8439
lindsey.camp@hklaw.com

Melissa Davis Andrews
**HOLLAND & KNIGHT LLP**
98 San Jacinto Blvd., Suite 1900
Austin, TX 78701
512-469-6100
melissa.davis@hklaw.com

Counsel for Defendants-Appellants
Robert Peterson, Jr.; Vasilia Peterson;
Mike Paxton; Sterling Investment
Partners III, L.P.; Nick Bouras; Nicole
Peterson 2012 Irrevocable Trust;
Brooke Peterson 2012 Irrevocable Trust

/s/ J. Christian Nemeth

J. Christian Nemeth
**MCDERMOTT WILL & EMERY, LLP**
333 SE 2nd Ave., Suite 4500
Miami, FL 33131
305-358-3500
jcnemeth@mwe.com

Peter B. Allport
**LEVIN SCHREDER & CAREY, LTD.**
120 N. LaSalle St., Floor 38
Chicago, IL 60602
312-895-6359
pallport@lsclaw.com

Counsel for Defendant-Appellant Neil
M. Brozen

## CERTIFICATE OF SERVICE

This is to certify that the foregoing document has been served via the Court's

ECF filing system in compliance with Rule 25(b) and (c) of the Federal Rules of

Appellate Procedure, on October 10, 2023 on all registered counsel of record, and

has been transmitted to the Clerk of the Court.

*/s/ Todd D. Wozniak*
Todd D. Wozniak

Counsel for Defendants-Appellants
Robert Peterson, Jr.; Vasilia Peterson;
Mike Paxton; Sterling Investment
Partners III, L.P.; Nick Bouras;
Nicole Peterson 2012 Irrevocable
Trust; Brooke Peterson 2012
Irrevocable Trust

### CERTIFICATE OF COMPLIANCE

This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because this brief contains 9,136 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(f).

This brief also complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type requirements of Fed R. App. P. 32(a)(6) because this brief has been prepared in a proportionally spaced typeface using Microsoft Word Version 2302 with a 14-point font named Times New Roman.

*/s/ Todd D. Wozniak*
Todd D. Wozniak

Counsel for Defendants-Appellants
Robert Peterson, Jr.; Vasilia Peterson;
Mike Paxton; Sterling Investment
Partners III, L.P.; Nick Bouras;
Nicole Peterson 2012 Irrevocable
Trust; Brooke Peterson 2012
Irrevocable Trust

Dated: October 10, 2023