# Holland & Knight

1180 West Peachtree Street, Suite 1800 | Atlanta, GA 30309 | T 404.817.8500 | F 404.881.0470
Holland & Knight LLP | www.hklaw.com

Todd D. Wozniak
+1 404-817-8431
Todd.Wozniak@hklaw.com

May 30, 2024

Lyle W. Cayce
Clerk of Court
United States Court of Appeals for the Fifth Circuit
Office Of the Clerk
F. Edward Hebert Building
600 S. Maestri Place
New Orleans, LA 70130-3408

Re:   *Coleman, et al. v. Brozen, et al.,* Case No. 23-10832

Dear Mr. Cayce:

Pursuant to Rule 28(j), I submit the following recent authorities that are relevant to the issues in this appeal: (1) *Tamara Yagy v. Tetra Tech, Inc., et al*., No. 2:24-cv-01394 (C.D. Cal. May 17, 2024) (attached) and (2) *Cedeno v. Sasson*, 2024 WL 1895053 (2d Cir. May 1, 2024).

In *Yagy*, the court granted Defendants' motion to compel individual arbitration pursuant to the plan's arbitration and class action waiver provision. In doing so, the court held that the plan's arbitration provision, which "explicitly limits the arbitrator to awarding monetary relief on an individual (not class, collective, or representative) basis," "does not constitute a prospective waiver of Plaintiff's right to pursue her statutory remedies" and noted that nothing in ERISA § 502(a)(2) suggests that a plaintiff has the right to pursue Plan-wide monetary relief. *Id*. at 2, 6. The Court noted that its decision was consistent with *LaRue v. DeWolff, Boberg & Assocs.*, where the Supreme Court held that "a participant in a defined contribution plan may sue under Sections 502(a)(2) and 409(a) to recover losses to his or her individual account, without any recovery for other accounts." *Id*. at 6-7.

Atlanta | Austin | Boston | Charlotte | Chicago | Dallas | Denver | Fort Lauderdale | Houston | Jacksonville | Lakeland
Los Angeles | Miami | New York | Orlando | Philadelphia | Portland | San Francisco | Stamford | Tallahassee | Tampa
Tysons | Washington, D.C. | West Palm Beach

May 30, 2024
Page 2

In *Cedeno*, the Second Circuit, in a 2-1 decision, affirmed the denial of a motion to compel individual arbitration pursuant to the plan's mandatory arbitration and class action waiver provisions. 2024 WL 1895053, at *1. Applying the "effective vindication" doctrine, the Second Circuit held that the class action waiver improperly required "prospective waivers of participants' substantive statutory rights and remedies under ERISA," including the right to seek restoration of plan-wide losses, surcharge, disgorgement of profits, and other equitable relief. *Id.* The dissent (which is the first one issued by any Circuit Court judge on this issue) found that the majority had misapplied the Supreme Court's holding in *LaRue* and *Thole v. U.S. Bank*, 590 U.S. 538 (2020), which "make clear that an ERISA plaintiff sues in his own individual capacity to recover for his own injuries" to his own individual plan account. *Id.* at *21 (Menashi, J., dissenting).

Sincerely yours,

HOLLAND & KNIGHT LLP

*Todd Wsn*

Todd D. Wozniak
Attachment
cc: all counsel of record